# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1028 | **DATE** | 7/17/2003 |
| **CASE TITLE** | Smith Provision Co., et al. vs. Viskase Companies, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendants' motion to dismiss and their motion for more definite statement.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 7 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 18 2003 date docketed | 86 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 7/17/2003 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SMITH PROVISION CO., et al., )
)
    Plaintiffs, )
)
v. )
) No. 01 C 1028
VISKASE COMPANIES INC., et al., )
)
    Defendants. )

**DOCKETED**
**JUL 1 8 2003**

## MEMORANDUM OPINION AND ORDER

Defendants are companies that produce artificial casings for processed meat products. Plaintiffs are companies that purchased casings from the defendants. The plaintiffs filed this antitrust class action alleging that the defendants engaged in a price-fixing conspiracy in unreasonable restraint of commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 et seq.. The complaint was initially filed in the District of New Jersey, and has since been transferred to this court and amended. All defendants move to dismiss the amended complaint for failure to state a claim on the ground that the complaint is impermissibly vague and conclusory. Defendants Devro-Teepak, Inc. and Devro PLC (collectively "Devro") move for a more definite statement under Fed. R. Civ. P. 12(e). I deny the motions.

I.

On a motion to dismiss, I accept all well-pleaded facts in the complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Dismissal is proper only if the



plaintiff can prove no set of facts to support his claim. *First Ins. Funding Corp. v. Federal Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

Defendants argue that the complaint is inadequate because it rests on "bald assertions of price-fixing" without providing supporting facts. Yet such assertions put the complaint well within the liberal notice-pleading standard of the federal rules of civil procedure. *See* Fed. R. Civ. P. 8 (a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief"). A complaint that complies with the rules "cannot be dismissed on the ground that it is conclusory or fails to allege facts. ... All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim" so that it may file an answer. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *see also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (holding that "I was turned down for a job because of my race" is all a plaintiff must say in order to state a claim for discrimination). Likewise, the complaint's allegations that the defendants "agreed to and did fix ... prices" and "agreed to and did refrain from competing among themselves" is sufficient to state a claim for conspiracy to restrain trade in violation of Section 1. *See Gen. Refractories Co. v. Stone Container Corp.*, No. 98 C 3543, 1999 U.S. Dist. LEXIS 238, at *6-7 (N.D. Ill. Jan. 8, 1999) (Manning, J.) (holding that a complaint alleging that the

defendants "agreed to and did artificially raise the price" of a product stated a claim under Section 1). The motion to dismiss is DENIED.

II.

A motion for a more definite statement is appropriate when a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e). The complaint alleges that Devro entered into a conspiracy to restrain trade between 1990 and 1996, while the remaining defendants are alleged to have joined the conspiracy in December of 1993. Devro claims that it must know who its alleged co-conspirators were prior to December 1993 in order to respond to the complaint. Yet the original complaint filed by the plaintiffs in the District of New Jersey did not name Devro's co-conspirators, and Devro was apparently able to frame an answer, which it filed. It is disingenuous for Devro to claim that it cannot reasonably be required to respond to the amended complaint in the absence of information that it also lacked at the time it filed its previous answer. *See Von Zuckerstein v. Argonne Nat'l Lab.*, No. 86 C 6304, 1987 U.S. Dist. LEXIS 14086, at *3, n7 (N.D. Ill. Apr. 7, 1987) (Rosemond, J.). The motion for a more definite statement is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: July 17, 2003